In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-01226-CR

____________


BRIAN KEITH PENNYWELL, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 337th District Court 

Harris County, Texas

Trial Court Cause No. 826044





OPINION ON MOTION FOR RECONSIDERATION


 Pursuant to Rule 50 of the Texas Rules of Appellate Procedure, we have
reconsidered our prior opinion upon the State's cross-petition for discretionary
review. See Tex. R. App. P. 50. Our opinion and judgment of May 23, 2002 are
withdrawn, and the following opinion is substituted. See id.


 Appellant, Brian Keith Pennywell, pled not guilty to the offense of burglary of
a habitation with intent to commit theft, enhanced by two prior felony convictions for
burglary of a building and burglary of a motor vehicle. After the jury found appellant
guilty, the trial court found the enhancement allegations true and assessed punishment
at 35 years in prison. We address (1) whether appellant had standing to complain of
the unlawful search and seizure of stolen property in his possession and (2) whether
the trial court reversibly erred by assessing appellant's punishment beyond the
permissible penalty range, either because the trial court never found the enhancement
allegations true or because there was insufficient evidence they were true. We affirm. 

Facts


 Allen Foster had previously pled guilty to committing the charged burglary,
along with appellant, and had been sentenced to five years in prison. Foster then
testified as an accomplice witness against appellant at appellant's trial. Foster
identified appellant as having suggested they "make some money" at an apartment
complex. After "scoping out" a few apartments, they broke into the complainant's
apartment. Foster took a black bag that contained some of the property they had
stolen, while appellant took a second, brown bag containing other stolen property. 
Foster identified the bags at trial. Foster also testified that, prior to trial, appellant
had slipped under Foster's cell door a note in which appellant asked Foster to invoke
his privilege against self-incrimination and let appellant know if he needed any
money while in prison. 

 Foster's accomplice-witness testimony was corroborated by a maintenance
worker, who observed Foster and appellant on the same day as the burglary. The
worker saw the two men suspiciously trying to enter a different apartment in the same
complex and saw them leave as the worker approached. Foster's testimony was also
corroborated by the arrest of appellant, within the complex premises, in possession
of the complainant's brown bag containing other property stolen in the burglary. 

 Motion to Suppress 


 Appellant's first point of error challenges the denial of his oral motion to
suppress. Appellant claims the seizure and search of the bag he was carrying were
illegal under the federal and Texas Constitutions and article 38.23 of the Code of
Criminal Procedure because Officer Leos lacked either probable cause to arrest
appellant or reasonable suspicion sufficient to justify detaining appellant to
investigate. U.S. Const. amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc.
Ann. art. 38.23 (Vernon Supp. 2002). Appellant also claims the non-consensual
search was an unlawful warrantless search, prior to appellant's arrest, so that the
fruits of the search should have been suppressed. The State raises a threshold issue,
for the first time on motion for reconsideration, challenging appellant's standing to
raise a suppression issue regarding stolen property in appellant's possession.

A. May the State Raise Standing Now?

 Failure to prove standing may be raised at any time, including for the first time
on appeal. State v. Klima, 934 S.W.2d 109, 110-11 (Tex. Crim. App. 1996). The
rationale underlying this principle is that the State is not raising a new issue, but
merely challenging whether a defendant has met his obligation of alleging and
proving standing, which is an element of a Fourth Amendment claim. Id. at 111. We
see no reason why the State may not raise the issue for the first time on motion for
reconsideration, or motion for rehearing, as opposed to raising the issue in its original
brief on appeal. Accordingly, we hold that the State may raise the issue in its motion
for reconsideration.


 Appellant's Standing


 Standing is a question of law, which we review de novo. State v. Johnson, 896
S.W.2d 277, 285 (Tex. App.--Houston [1st Dist.] 1995), aff'd, 939 S.W.2d 586 (Tex.
Crim. App. 1996). To have standing, or a reasonable expectation of privacy, a
defendant must show two things: (1) that he had an actual, subjective expectation of
privacy, exhibited by measures taken to protect the privacy of the property in
question, and (2) that that subjective expectation of privacy is one that society is
prepared to recognize as reasonable. See Jackson v. State, 745 S.W.2d 4, 7-8 (Tex.
Crim. App. 1988).

 The State claims that a defendant has no reasonable expectation of privacy in
stolen property in his possession, as a matter of law. The State relies on cases holding
the defendant lacked standing to complain of the search of a stolen car because any
expectation of privacy claimed was not one that society was prepared to recognize as
reasonable. See, e.g., Hughes v. State, 897 S.W.2d 285, 305 (Tex. Crim. App. 1994). 
Here, appellant was carrying the stolen property as he walked in the common area of
an apartment complex. Under these circumstances, it is doubtful that appellant had
taken measures giving rise to a subjective expectation of privacy. Nevertheless, we
agree with the State that a thief's mere possession of stolen property does not give
rise to any expectation of privacy that society is prepared to accept as reasonable. 
Accordingly, we hold that appellant did not have a reasonable expectation of privacy
in the stolen bag and its contents so as to have standing to complain of the
unlawfulness of any search or seizure of the property in question.

 We overrule appellant's first point of error.

Punishment


 Appellant's second and third points of error challenge his 35-year punishment
as beyond the permissible penalty range because (1) the trial court never found the
enhancement paragraphs true and (2) there was insufficient evidence that they were
true. The judgment recites, however, that appellant entered pleas of true to the
enhancement allegations and that the trial court found them true, and nothing in the
record suggests they were false. Accordingly, the recitals control. See Childress v.
State, 845 S.W.2d 377, 379 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd),
vacated sub nom. Childress v. Johnson, 103 F.3d 1221 (5th Cir.1997). 

 We overrule appellant's second point of error.

 At the punishment hearing, appellant signed a stipulation of evidence, which
his counsel, the prosecutor, and the trial court approved. The stipulation
acknowledges appellant's prior convictions. Appellant stated he signed the
stipulation; that it was true and correct; that he signed it freely and voluntarily; that
he understood that, by signing the stipulation, he had waived his right to have the
State prove the enhancement paragraphs; and he that had no questions about the
stipulation. The trial court approved the stipulation after appellant's counsel
indicated he had no objection to introducing the stipulation into evidence. Before
assessing appellant's punishment, the trial court admitted into evidence jail and
prison records pertaining to the enhancement allegations, without objection, and
specifically referred, again without objection, to appellant's four-year and six-year
sentences, as well as to two misdemeanor sentences, in imposing the 35-year
punishment. Appellant offered nothing when asked if he had anything to say against
pronouncing punishment and did not object to the punishment assessed.

 From these facts, we conclude that the trial court and the parties treated the
stipulation as formally admitted into evidence. See Killion v. State, 503 S.W.2d 765,
765-66 (Tex. Crim. App. 1973); Rexford v. State, 818 S.W.2d 494, 495-56 (Tex.
App.--Houston [1st Dist.] 1991), pet. ref'd, 823 S.W.2d 296 (Tex. Crim. App. 1991).

Under the circumstances, the stipulation was sufficient to support appellant's 35-year
punishment. 

 We overrule appellant's third point of error.

Conclusion


 We affirm the judgment of the trial court.





 Tim Taft


 Justice


Panel consists of Chief Justice Schneider, and Justices Taft and Radack.


Publish. See Tex. R. App. P. 47.