Brian Keith PENNYWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–00–01226–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 16, 2003.

Frances Northcutt, Houston, TX, for Appellant.

John B. Holmes, District Attorney, Donald W. Rogers, Jr., Assistant District Attorney, Houston, TX, for State.

Panel consists of Justices TAFT, JENNINGS, and HANKS.

## OPINION ON REMAND FROM THE COURT OF CRIMINAL APPEALS

TIM TAFT, Justice.

A jury found appellant, Brian Keith Pennywell, guilty of burglary of a habitation. The trial court assessed punishment at 35 years' confinement, having found true enhancement allegations that appellant had previously been convicted of burglary of a building and burglary of a motor vehicle. On May 23, 2002, this Court affirmed the trial court's judgment. On September 4, 2002, we withdrew our May 23, 2002 opinion and held that appellant had no standing to contest the search of a stolen bag and that appellant's 35–year punishment was permissible because he had stipulated to the two enhancement paragraphs. *See Pennywell v. State,* 84 S.W.3d 841 (Tex.App.-Houston [1st Dist.] 2002), *remanded on other grounds,* 125 S.W.3d 472 (Tex.Crim.App.2003). The Texas Court of Criminal Appeals granted appellant's petition for discretionary review and remanded the cause so that this Court could address the sole remaining issue of the propriety of appellant's detention to determine whether the fruits of the seizure and search of the bag should have been suppressed. *See Pennywell v. State,* 125 S.W.3d 472 (Tex.Crim.App. 2003). On remand, we determine whether the search and seizure of the bag that appellant was carrying were illegal because the investigating officer lacked reasonable suspicion sufficient to justify detaining appellant to investigate. We affirm.

## Facts

Allen Foster had previously pleaded guilty to committing the charged burglary, along with appellant, and had been sentenced to five years in prison. Foster then testified as an accomplice witness against appellant at appellant's trial. Foster identified appellant as having suggested that they "make some money" at an apartment complex. After "scoping out" a few apartments, they broke into the complainant's apartment. Foster took a black bag that contained some of the property that they stole, while appellant took a second, brown bag containing other stolen property. Foster identified the bags at trial.

Foster's accomplice-witness testimony was corroborated by a maintenance worker, who observed Foster and appellant on the same day as the burglary. The worker saw the two men suspiciously trying to enter a different apartment in the same complex and saw them leave as the worker approached. Foster's testimony was also corroborated by the arrest of appellant, within the complex premises, in possession of the complainant's brown bag containing other property stolen in the burglary. Foster also testified that, prior to trial, appellant had slipped a note under Foster's cell door, in which appellant asked Foster to invoke his privilege against self-incrimination and to let appellant know if he needed any money while in prison.

## Motion to Suppress Evidence

We first consider whether the trial court erred in denying appellant's oral motion to suppress evidence. In his first point of error, appellant claims the search and seizure of the bag that he was carrying were illegal under the federal and Texas Constitutions and article 38.23 of the Code of Criminal Procedure because the investigating officer lacked either probable cause to arrest appellant or reasonable suspicion

sufficient to justify detaining appellant to investigate. *See* U.S. Const. amend. IV; Tex. Const. art. I, § 9; Tex.Code Crim. Proc. Ann. art. 38.23 (Vernon Supp.2003). We previously determined this issue in our withdrawn May 23, 2002 opinion, as follows.

## A. Standard of Review

When, as here, the pertinent facts are undisputed, we review the trial court's resolution of a motion to suppress evidence de novo, as a legal ruling. *See Oles v. State,* 993 S.W.2d 103, 106 (Tex. Crim.App.1999); *State v. Cardenas,* 36 S.W.3d 243, 245 (Tex.App.-Houston [1st Dist.2001], pet. ref'd). In applying this standard, we may infer all findings necessary to support the trial court's ruling, must defer to those findings, and must sustain the trial court's ruling if the record reasonably supports the ruling and the ruling is correct on any theory of law applicable to the case. *State v. Ross,* 32 S.W.3d 853, 855–56 (Tex.Crim.App.2000). In conducting our review, we consider the evidence before the trial court when it ruled on the motion to suppress evidence. *Weatherred v. State,* 15 S.W.3d 540, 542 (Tex.Crim.App.2000).

## B. Temporary Investigative Detention

Interactions between police and civilians are divided into three categories: (1) encounters, (2) detentions, and (3) seizures. *See Terry v. Ohio,* 392 U.S. 1, 19, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968); *Citizen v. State,* 39 S.W.3d 367, 370 (Tex. App.-Houston [1st Dist.] 2001, no pet.); *Francis v. State,* 896 S.W.2d 406, 408 (Tex. App.-Houston [1st Dist.] 1995), *pet. dism'd, improvidently granted,* 922 S.W.2d 176 (Tex.Crim.App.1996). In determining the reasonableness of an officer's intrusion, we objectively examine all of the facts and circumstances surrounding the incident, based on the information that the officer possessed at the time, taken together with rational inferences from those facts and circumstances. *See Citizen,* 39 S.W.3d at 370; *Francis,* 896 S.W.2d at 408.

An encounter occurs when a law enforcement officer approaches an individual in public to ask questions. *Citizen,* 39 S.W.3d at 370; *Stoutner v. State,* 36 S.W.3d 716, 719 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd); *Francis,* 896 S.W.2d at 408. An officer needs no justification for an encounter, which triggers no constitutional protections. *Citizen,* 39 S.W.3d at 370; *Francis,* 896 S.W.2d at 408. Merely asking questions does not transform an encounter into a detention. *Stoutner,* 36 S.W.3d at 720. The test of whether the interaction has progressed beyond an encounter is whether the officer "would have communicated to a reasonable person that the individual was not free to refuse the officer's requests or otherwise terminate the encounter." *Citizen,* 39 S.W.3d at 370.

Here, a police dispatcher provided information to Officer Leos, the investigating officer, that the burglary suspect was a black male travelling on foot. On noticing appellant, a black male, walking toward the officer's patrol car, Officer Leos got out of the car, approached appellant, and asked if he lived in the apartment complex. When appellant replied that he was "just visiting," Officer Leos asked whom he was visiting. When appellant replied that he was visiting "a friend," Leos asked the "friend's" apartment number. No evidence, nor any inference from any evidence, suggests that appellant was not free to decline to answer Officer Leos's questions. Accordingly, the facts and circumstances at this point of the interaction between appellant and Officer Leos amounted to a mere encounter.

 Officer Leos then temporarily detained appellant in the back seat of the patrol car to investigate further. An investigative detention occurs when a law enforcement officer confronts an individual, who then yields to a display of authority and is temporarily detained without a warrant. *See Johnson v. State,* 912 S.W.2d 227, 235 (Tex.Crim.App.1995); *Citizen,* 39 S.W.3d at 370. Placing appellant in the patrol car constituted an investigative detention.

 Whether an investigative detention is permissible depends on whether the officer reasonably suspects that the individual is, has been, or soon will be engaged in criminal activity. *See Citizen,* 39 S.W.3d at 370. Reasonable suspicion requires a "particularized and objective basis," *id.,* and exists when the officer can point to specific and articulable facts that, taken together with rational inferences from those facts, reasonably warrant the intrusion. *See Terry,* 392 U.S. at 21, 27, 88 S.Ct. at 1880, 1883; *Carmouche v. State,* 10 S.W.3d 323, 328 (Tex.Crim.App. 2000); *Davis v. State,* 947 S.W.2d 240, 244 (Tex.Crim.App.1997). The testimony of the detaining officer as to his motives is a factor to be considered, among all the facts and circumstances. *Rhodes v. State,* 945 S.W.2d 115, 117 (Tex.Crim.App.1997).

Officer Leos explained that he was suspicious of appellant because of appellant's vague answers to questions. During the encounter stage of his interaction with Officer Leos, appellant first said that he was "just visiting," which precluded his living at the complex. When asked whom he was visiting, appellant then stated only "a friend," but could not give the friend's name or the number of the friend's apartment unit. This left no explanation for appellant's presence at the complex, which, the record indicates, had a locked security gate that had to be triggered to permit cars to enter and to leave the parking area. Officer Leos knew from his dispatcher that he and his fellow officers were responding to a report of a burglary and that they were looking for a black, male suspect, who would be on foot. Although there was no information from the dispatcher that the suspect might be carrying anything, Officer Leos noticed the large bag that appellant was carrying and described the bag as large enough to contain a weapon or items taken during a burglary.

 Appellant's inability to explain his presence at the gated complex, his vague answers in the encounter with Officer Leos, and the fact that he was carrying a bag combined to provide a basis for Officer Leos's reasonable suspicion that appellant might have committed the burglary that Officer Leos had been called to investigate. There is no evidence of force, and the restraint was minimal. *See Francis,* 896 S.W.2d at 411–12. These facts and circumstances combined to justify Officer Leos's temporarily detaining appellant in the back seat of the patrol car to investigate the incident further. *See id.; see also Rhodes,* 945 S.W.2d at 117–18 (holding that the officer was justified in temporarily handcuffing suspect and that the investigative detention did not advance to the level of an arrest requiring probable cause).[1]

Accordingly, we hold that the search and seizure of the brown bag were not the fruit of an unlawful detention or arrest. There-

---

1. In our May 23, 2002 opinion, we went on to agree with appellant that the search of the brown bag was unlawful because it exceeded the scope of the pat down accompanying the temporary investigative detention. Having found in our September 4, 2002 opinion that appellant had no standing to contest the search and seizure of the brown bag because it was stolen property, we need not analyze further.

fore, we overrule appellant's first point of error.

## Conclusion

We affirm the judgment of the trial court.

Justice TIM TAFT, concurring.

Justice TIM TAFT concurring on remand from the court of criminal appeals.

The Court of Criminal Appeals remanded the cause with instructions for this Court to consider appellant=s challenge to the propriety of his detention. The majority opinion, that I authored, follows the instructions and considers the merits of appellant=s challenge. I write this concurring opinion, however, to explain why I believe that, as a preliminary matter, appellant has no standing to contest the lawfulness of his detention. Because of the difficulty of finding authority on point, I address, as an issue of first impression, the threshold matter of whether a person carrying recently stolen property in plain view in public has a reasonable expectation that he will not be detained as an issue of first impression.

## Standing to Contest the Detention

When approaching this issue, it is important at the outset to recognize that, in Texas,

[a]ny person has a right to prevent the consequences of theft by seizing any personal property that has been stolen and bringing it, with the person suspected of committing the theft, if that person can be taken, before a magistrate for examination, or delivering the property and the person suspected of committing the theft to a peace officer for that purpose. To justify a seizure under this article, there must be reasonable ground [sic] to believe the property is stolen,

and the seizure must be openly made and the proceedings had without delay. TEX.CODE CRIM. PROC. ANN. art. 18.16 (Vernon Supp.2003).

As we stated in our September 24, 2002 opinion, to have a reasonable expectation of privacy, or standing, a defendant must show (1) that he had an actual, subjective expectation of privacy, exhibited by measures taken to protect the privacy of the property in question, and (2) that that subjective expectation of privacy is one that society is prepared to recognize as reasonable. *Pennywell v. State,* 84 S.W.3d 841, 844 (Tex.App.-Houston [1st Dist.] 2002), remanded on other grounds, 125 S.W.3d 472 (Tex.Crim.App.2003).

### A. Subjective Expectation

Here, appellant was walking in the common area of the apartment complex while carrying a brown bag that he had just stolen during the burglary of an apartment. Inside the brown bag were other items stolen during the same burglary. As to the other items inside the brown bag, one might argue that appellant had taken measures to protect the privacy of those items. As to the brown bag itself, however, appellant was walking in open view in the common area of an apartment complex, carrying a stolen brown bag. Under these conditions, appellant had not taken sufficient measures to have even an actual, subjective expectation that he would not be detained to investigate whether he had stolen the brown bag.

### B. Objective Expectation

As for the brown bag, having failed to show even an actual, subjective expectation of privacy, appellant cannot expect that society is prepared to recognize as reasonable any expectation of privacy in the brown bag. Because appellant=s open possession of the stolen, brown bag was

alone sufficient to justify a detention to investigate whether he had stolen it, it is unnecessary to decide whether appellant enjoyed an objective expectation of privacy in the contents of the brown bag.

## C. Standing

Because appellant has shown neither an actual, subjective expectation, nor an objective expectation, that he would not be detained while carrying stolen property in open view in a common area, appellant has failed to establish standing to complain of his detention.

### Conclusion

Under the circumstances of this case, and had we not been instructed otherwise, I would have held that appellant had no reasonable expectation of privacy so as to have standing to complain of his detention. I would thus have overruled appellant=s first point of error for this threshold reason and would not have reached whether the officer had reasonable suspicion to justify appellant's detention.