In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-00-01226-CR
____________

BRIAN KEITH PENNYWELL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 826044 



 
CONCURRING OPINION ON REMAND FROM
THE COURT OF CRIMINAL APPEALS 

          The Court of Criminal Appeals remanded the cause with instructions for this
Court to consider appellant’s challenge to the propriety of his detention. The majority
opinion, that I authored, follows the instructions and considers the merits of
appellant’s challenge. I write this concurring opinion, however, to explain why I
believe that, as a preliminary matter, appellant has no standing to contest the
lawfulness of his detention. Because of the difficulty of finding authority on point,
I address, as an issue of first impression, the threshold matter of whether a person
carrying recently stolen property in plain view in public has a reasonable expectation
that he will not be detained as an issue of first impression.
Standing to Contest the Detention
          When approaching this issue, it is important at the outset to recognize that, in
Texas, 
[a]ny person has a right to prevent the consequences of theft by seizing
any personal property that has been stolen and bringing it, with the
person suspected of committing the theft, if that person can be taken,
before a magistrate for examination, or delivering the property and the
person suspected of committing the theft to a peace officer for that
purpose. To justify a seizure under this article, there must be reasonable
ground [sic] to believe the property is stolen, and the seizure must be
openly made and the proceedings had without delay.
 
Tex. Code Crim. Proc. Ann. art. 18.16 (Vernon Supp. 2003).
          As we stated in our September 24, 2002 opinion, to have a reasonable
expectation of privacy, or standing, a defendant must show (1) that he had an actual,
subjective expectation of privacy, exhibited by measures taken to protect the privacy
of the property in question, and (2) that that subjective expectation of privacy is one
that society is prepared to recognize as reasonable. Pennywell v. State, 84 S.W.3d
841, 844 (Tex. App.—Houston [1st Dist.] 2002), remanded on other grounds, No.
1182-02, slip op. at 2 (Tex. Crim. App. Apr. 23, 2003).
A.      Subjective Expectation
          Here, appellant was walking in the common area of the apartment complex
while carrying a brown bag that he had just stolen during the burglary of an
apartment. Inside the brown bag were other items stolen during the same burglary. 
As to the other items inside the brown bag, one might argue that appellant had taken
measures to protect the privacy of those items. As to the brown bag itself, however,
appellant was walking in open view in the common area of an apartment complex,
carrying a stolen brown bag. Under these conditions, appellant had not taken
sufficient measures to have even an actual, subjective expectation that he would not
be detained to investigate whether he had stolen the brown bag.
B.      Objective Expectation
          As for the brown bag, having failed to show even an actual, subjective
expectation of privacy, appellant cannot expect that society is prepared to recognize
as reasonable any expectation of privacy in the brown bag. Because appellant’s open
possession of the stolen, brown bag was alone sufficient to justify a detention to
investigate whether he had stolen it, it is unnecessary to decide whether appellant
enjoyed an objective expectation of privacy in the contents of the brown bag.
 
C.      Standing
          Because appellant has shown neither an actual, subjective expectation, nor an
objective expectation, that he would not be detained while carrying stolen property
in open view in a common area, appellant has failed to establish standing to complain
of his detention.
          Conclusion
          Under the circumstances of this case, and had we not been instructed otherwise,
I would have held that appellant had no reasonable expectation of privacy so as to
have standing to complain of his detention. I would thus have overruled appellant’s
first point of error for this threshold reason and would not have reached whether the
officer had reasonable suspicion to justify appellant’s detention.
 
 
     Tim Taft
     Justice

Panel consists of Justices Taft, Jennings, and Hanks.

Justice Taft, concurring. 

Publish. Tex. R. App. P. 47.4.