Opinion issued March 20, 2008









 

Opinion issued March 20, 2008

 

 

 

 

 








 

     

 

In The

Court of Appeals

For The

First District of Texas

 

 

 



NO.   01-07-00240-CR 

 

 



KIMBERLY M. JONES, Appellant

 

V.

 

STATE OF TEXAS, Appellee




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



On Appeal from the County Criminal Court at Law No. 8

Harris County, Texas

Trial Court Cause No.  1398966

 

 

MEMORANDUM OPINION

 

After the trial court denied her
motion to suppress, appellant, Kimberly M. Jones, pleaded no contest to
possession of a controlled substance.  See Tex. Health & Safety Code Ann. § 481.117(c) (Vernon
2003).  The trial court suspended Jones’s driver’s license for six months, and
sentenced Jones to serve three days in jail and pay a $250 fine.  In her sole
issue on appeal, Jones challenges the trial court’s denial of her motion to
suppress.  Finding no error, we affirm. 

Background

          Close to midnight one
Sunday evening in August, Deputy Fortenberry of the Harris County Sheriff’s
Department was patrolling near a high-crime area known as “The Bridges.”  While
passing a closed car repair shop, Fortenberry noticed a car with its headlights
off in the parking lot and two individuals sitting in the front seat. 
Believing the car to be suspicious, Fortenberry parked his patrol car nearby
and walked toward the car.  The driver saw Fortenberry approaching, and
immediately tried to drive away.  When the driver paused at the edge of the lot
before turning into traffic, Fortenberry caught up to the car, drew his gun,
and ordered the driver to step out.  

According to department policy,
Fortenberry handcuffed the driver, moved him to the rear of the car, and asked
him whether he was carrying any weapons or narcotics.  The driver responded, “I
have bars.”  Fortenberry understood that the slang term “bars” referred to
either Alprazolam or Xanax, both of which are controlled substances.  Following
this exchange, Fortenberry moved the driver to the back seat of the patrol
car.  

          While Fortenberry was
questioning the driver at the rear of the car, he noticed Jones, who was
sitting in the front passenger seat, trying to reach into her purse.  Concerned
that Jones might be retrieving a weapon, Fortenberry instructed her to stop
reaching for her purse.  Jones stopped briefly, but then reached back toward
her purse.  Fortenberry again cautioned her to keep her hands away from her
purse.  As before, Jones initially complied, but then resumed reaching for her
purse.  After this happened several times, Fortenberry placed Jones in
handcuffs and seated her in the back of the patrol car of another officer who
had arrived on the scene.  After Jones was secured, Fortenberry went back to
search her purse.  In a small side pocket, Fortenberry found two white pills
that appeared to be either Alprazolam or Xanax.  Based on this discovery, Jones
was arrested and charged with possession of a controlled substance.

          Before trial, Jones moved
to suppress the evidence found in her purse, claiming that its discovery was
the fruit of an illegal detention.  After the trial court denied the motion,
Jones pleaded no contest to the charge and was sentenced.  The trial court
certified Jones’s right to appeal its ruling on the motion to suppress, and
Jones gave notice of appeal.

Discussion

          In appealing the denial of
her motion to suppress, Jones contends that the police lacked reasonable suspicion
to stop the car in which she as a passenger.  Consequently, Jones claims, the
stop violated her rights under the Fourth and Fourteenth Amendments to the
United States Constitution and Article I, Sections 9 and 19 of the Texas
Constitution, as well as Texas statute.  According to Jones, because the
discovery of the pills stemmed from that illegal stop, the evidence should have
been suppressed.  

          Standard of Review

          In reviewing a trial
court’s ruling on a motion to suppress, we apply the bifurcated standard of
review articulated in Guzman v. State,  955 S.W.2d 85, 88–89 (Tex. Crim.
App. 1997).  We defer to the trial court’s determination of historical facts,
and review de novo the trial court’s application of the law of search and
seizure to those facts.  Id.; Maxwell v. State, 73 S.W.3d 278,
281 (Tex. Crim. App. 2002).  If an issue turns on the credibility of a witness,
we give greater deference to the trial court’s ruling, as it stands in a better
position to evaluate the credibility of witnesses before it.  State v. Ross,
32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  

          Validity of the Stop

          Generally, three categories
of interaction may occur between police officers and civilians:  (1)
encounters; (2) investigative detentions; and (3) arrests.  State v. Perez,
85 S.W.3d 817, 819 (Tex. Crim. App. 2002); Pennywell v. State, 127
S.W.3d 149, 152 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  An encounter
does not constitute a seizure of the person, but a detention or an arrest
does.  Pennywell, 127 S.W.3d at 152.  

A police officer is entitled to stop
and briefly detain a person for investigative purposes only when the officer,
in light of his experience, has a reasonable suspicion supported by articulable
facts that criminal activity may be afoot.  Terry v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884–85 (1968).[1]   The officer’s
perception of circumstances rises to the level of a reasonable suspicion when
the officer has “specific, articulable facts at the time of detention which,
taken together with rational inferences from those facts, lead the officer to
conclude that the person detained is, has been, or soon will be engaged in
criminal activity.”  Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997).   

A reasonable suspicion is more than a
mere hunch or suspicion; a person may not be detained unless the circumstances
objectively support a reasonable suspicion of criminal activity.  Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997).  Whether a
temporary investigative detention is reasonable depends on the totality of the
circumstances.  Woods, 956 S.W.2d at 38.  

The parties in this case agree that
Fortenberry initiated an investigative detention when he pulled out his gun and
stopped the car.  Their disagreement concerns whether Fortenberry had a
reasonable suspicion, supported by articulable facts, to do so.  Jones contends
that Fortenberry was not entitled to detain her because he did not have a
reasonable suspicion that criminal activity was underway.  As support for this
contention, Jones relies on Klare v. State, 76 S.W.3d 68, 72–73 (Tex.
App.—Houston [14th Dist.] 2002, pet. ref’d).  The officer in Klare relied
on the time of day, the fact that the business was closed, and knowledge of
past burglaries to support his reasonable suspicion to stop the vehicle.  In
reversing the trial court’s denial of the appellant’s motion to suppress, the
court of appeals reviewed each factor individually and concluded that, to
justify the stop, the officer needed “an additional fact or facts particular to
the suspect’s behavior.”  Id. at 75.  

In describing the circumstances that
led to the stop in this case, Fortenberry, like the officer in Klare,
mentioned the lateness of the hour, the fact that the business was closed, and
the high incidence of crime in the vicinity in articulating the grounds that
led to his decision to stop the car. Unlike the officer in Klare,
however, Fortenberry additionally noted that the driver’s attempt to flee as he
approached the car raised his suspicion and led to the stop.  Although flight
alone may not justify a stop, it does constitute a valid factor in determining
whether an officer had reasonable suspicion to detain an individual.  See
Gurrola v. State, 877 S.W.2d 300, 303 (Tex. Crim. App. 1994) (stating
that mere flight does not justify investigative detention); Washington v.
State, 660 S.W.2d 533, 535 (Tex. Crim. App. 1983) (“Flight from a law
enforcement officer ‘can provide in appropriate circumstances the key
ingredient justifying the decision of a law enforcement officer to take
action.’”) (quoting U.S. v. Vasquez, 534 F.2d 1142, 1145 (5th Cir.
1976)); Salazar v. State, 893 S.W.2d 138, 141 (Tex. App.—Houston [1st Dist.] 1995, pet. ref’d, untimely filed) (noting that flight from show of
authority is factor in support of finding of reasonable suspicion that person
is involved in criminal activity).   Under the totality of the circumstances
here, the trial court could have reasonably concluded that Deputy Fortenberry
had reasonable suspicion to support the investigative detention.  Accordingly,
we hold that the trial court did not err in denying Jones’s motion to
suppress.  

          We also reject Jones’s
assertion that Fortenberry could not validly search her purse incident to the
stop.  Considering Jones’s persistent efforts to reach into her purse—even
after Fortenberry repeatedly instructed her to stop—Fortenberry had grounds to
reasonably suspect that Jones had a weapon in her purse.  He thus was entitled
to examine the purse’s contents before deciding whether to reunite Jones with
her purse and send her on her way or continue to detain her.  In challenging
the reasonableness of Fortenberry’s search of the purse, Jones also points to
Fortenberry’s testimony that he considered the side pocket where he found the
pills to be too small to have contained a weapon.  Fortenberry further
explained, however, that the pills were in plain view in the open side pocket
when he opened the purse.  Because Fortenberry was validly searching the purse
for weapons when he encountered the pills in plain view, their seizure did not
violate Jones’s constitutional or statutory rights.  See Horton v. California, 496 U.S. 128, 136–37, 110 S. Ct. 2301, 2308 (1990); Ramos v. State,
934 S.W.2d 358, 365 (Tex. Crim. App. 1996).     

Conclusion

          We conclude
that the trial court did not err in denying the motion to suppress. 
Accordingly, we affirm the judgment of the trial court.

 

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Jennings and Bland.

Do not publish.  See Tex. R. App. P. 47.2(b).








 

 









[1]
 Texas
courts also follow Terry in determining the legality of an investigative
detention under the state constitution.  See Davis v. State, 829 S.W.2d
218, 219 (Tex. Crim. App. 1992).