Opinion Issued April 10, 2008
















Opinion Issued April 10, 2008

 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-07-00173-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



JUSTIN W. MCKINNEY, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from County Criminal Court at Law No.
10

Harris County, Texas

Trial Court Cause No. 1414452

 








 



MEMORANDUM OPINION

After the trial court denied his
motion to suppress, appellant Justin McKinney pleaded guilty to possession of a
controlled substance, between two and four grams of marijuana.  See
Tex. Health & Safety Code Ann.
§ 481.117(b) (Vernon 2003).  In
accordance with his plea bargain, the trial court sentenced McKinney to serve three days in jail and
assessed a $500 fine.  In his sole issue
on appeal, McKinney
challenges the trial court’s denial of his motion to suppress.  Finding no error, we affirm. 

Background

          On
November 6, 2006, Officer R. Kent was working an off-duty job at a private
residence in River Oaks.  Around
midnight, a citizen approached his guard shack and asked him to check on a man
passed out in a black Mercedes at the intersection of Kirby and South
Shepherd.  Upon approaching the
intersection, Officer Kent found the Mercedes, with its engine running, stopped
in the center lane of moving traffic despite a green light.

          Kent opened the unlocked driver’s door, reached
into the vehicle, turned the car off, and awakened McKinney. 
Upon awakening McKinney,
 Kent
noticed signs of intoxication, including the odor of alcohol and slurred
speech.  When Kent
helped McKinney out of the vehicle, McKinney had difficulty
maintaining his balance.  Kent
arrested him for public intoxication.  Kent
then conducted a search by patting McKinney down for weapons
and drugs.  During this search, Kent reached into McKinney’s front pocket and found three to
four grams of marijuana.   Kent
called for back up because he was off duty and did not have the ability to
transport McKinney.  Officer Garcia responded and transported McKinney
to jail.

          At
trial, McKinney
moved to suppress the marijuana, on the ground that the officer did not have
reasonable suspicion or probable cause to detain him.  McKinney
further contended that, because his detention and subsequent arrest were
illegal, the fruits recovered from the detention and arrest were also illegal
and should be suppressed.  The trial
court denied McKinney’s
motion to suppress, and McKinney pleaded guilty. 

Motion to Suppress

          McKinney contends that the trial court erred in overruling
his motion to suppress because (1) the State failed to show sufficient
corroboration of the anonymous tip so as to create a reasonable suspicion that
justified a detention, and (2) even taking the tip into consideration, the
evidence is insufficient to establish reasonable suspicion to seize McKinney.  

          In
reviewing a trial court’s ruling on a motion to suppress, we apply the
bifurcated standard of review articulated in Guzman v. State.  955 S.W.2d
85, 88–89 (Tex. Crim. App. 1997).  We
defer to the trial court’s determination of historical facts, and review de
novo the trial court’s application of the law of search and seizure.  Id.; Maxwell v. State, 73 S.W.3d 278, 281 (Tex.
Crim. App. 2002).  If an issue turns on
the credibility of a witness, we defer to the trial court’s ruling, as it
stands in a better position to evaluate the credibility of witnesses before
it.  State
v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App.
2000).  

          Generally,
three categories of interaction occur between police officers and
civilians:  (1) encounters, (2)
investigative detentions, and (3) arrests. 
State v. Perez, 85 S.W.3d 817,
819 (Tex.
Crim. App. 2002); Pennywell v. State,
127 S.W.3d 149, 152 (Tex.
App.—Houston
[1st Dist.] 2003, no pet.).  An encounter
occurs when a law enforcement officer approaches an individual in public to ask
questions.  Pennywell, 127 S.W.3d at 152. 
An officer needs no justification for an encounter which triggers no
constitutional protections.  Id.  An encounter does not constitute a seizure of
the person, but a detention or an arrest does. 
Id. 

In contrast, a police officer may
stop and briefly detain a person for investigative purposes only if the
officer, in light of his experience, has a reasonable suspicion supported by
articulable facts that criminal activity may be afoot.  Terry
v. Ohio,
392 U.S.
1, 30, 88 S. Ct.
1868, 1884–85 (1968).[1]   The circumstances can give rise to a
reasonable suspicion if the officer has specific, articulable facts at the time
of detention which, taken together with rational inferences from those facts,
lead the officer to conclude that the person detained is, has been, or soon
will be, engaged in criminal activity.  Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997).  A reasonable suspicion is more than a mere
hunch or suspicion; a person may not be detained unless the circumstances
objectively support a reasonable suspicion of criminal activity.  Davis v. State, 947 S.W.2d 240, 244 (Tex.
Crim. App. 1997).  Whether a temporary
investigative detention is reasonable depends on the totality of the
circumstances.  Woods, 956 S.W.2d at 38.  

          McKinney
first contends that the anonymous tip that Officer Kent received “does not
establish the level of suspicion required to justify McKinney’s
detention.”  “While an anonymous tip or
telephone call may justify the initiation of an investigation, it alone will
rarely establish the level of suspicion required to justify a detention.”  Stewart v. State, 22 S.W.3d 646, 648
(Tex. App.—Austin 2000, pet. ref’d) (citing
Alabama v. White, 496 U.S.
325, 329, 110 S. Ct. 2412, 2416 (1990)).

          Here,
however, Officer Kent’s initial contact with McKinney
was merely an encounter, not a detention. 
Upon receiving the tip, Officer Kent proceeded to the location, where he
found the black Mercedes stopped in the center lane of traffic in an intersection,
with McKinney
passed out inside.  Contrary to McKinney’s assertion,
Officer Kent did not need to corroborate the citizen’s allegation to justify
such an encounter.  Nevertheless, Officer
Kent did corroborate the tip by finding McKinney
just as the tip had predicted.

          According
to the Texas Transportation Code, the operator of a vehicle may not stop, stand
or park a vehicle in an intersection.  Tex. Transp. Code Ann. § 545.302(a)(3)
(Vernon 2007).  Any peace officer may
arrest, without a warrant, a person found committing a violation of the transportation
code.  Tex.
Transp. Code Ann. § 543.001.

          When
Officer Kent found McKinney
passed out in his stopped vehicle at an intersection in the middle lane of
traffic, he observed a traffic violation. 
See id. § 545.302(a)(3).  Because an officer may arrest anyone
violating the transportation code, we hold that the evidence was sufficient to
establish Officer Kent’s reasonable suspicion to detain McKinney.

          A person commits an offense of public intoxication if the
person appears in a public place while intoxicated to the degree that the
person may endanger himself or another.  Tex. Penal Code Ann. § 49.02(a) (Vernon
2007).  “Intoxicated” means not having
the normal use of mental or physical functions, by reason of the introduction
of alcohol into the body or having an alcohol concentration of 0.08 or more.  Tex. Penal
Code Ann. § 49.01(2).  A
warrantless arrest for public intoxication is valid only if the arresting
officer has reason to believe that the suspect is not merely intoxicated, but
intoxicated to the degree that he “may endanger himself or another.”  Berg v. State, 720 S.W.2d 199, 201
(Tex. App.—Houston [14th Dist.] 1986, writ ref’d).  Thus, the State must demonstrate proof of
potential danger either to the appellant or to others.  See Simpson v. State, 886 S.W.2d 449,
455 (Tex. App.—Houston [1st Dist.]
1994, writ ref’d).

          Upon reaching the car, Officer Kent saw McKinney’s vehicle stopped in traffic.  After he turned the car off and awakened McKinney, Kent
noticed a strong odor of alcohol emanating from McKinney
and observed that McKinney
spoke with slurred speech and could not maintain his balance.  The encounter led to Kent’s observations, which established
reasonable suspicion to detain McKinney.
 Based on his observations, Kent
had probable cause to believe that McKinney was intoxicated.  See Vasquez v. State, 682 S.W.2d 407,
412 (Tex. App.—Houston [1st Dist.] 1984, no writ) (holding that officer
testimony regarding observations of defendant’s slurred speech, the smell of
alcohol on his person, swaying, and unsteadiness was sufficient to find
appellant was “highly intoxicated.”).  McKinney’s
location in a stopped car in the middle of a busy intersection while
intoxicated could endanger others.  We
therefore hold that the evidence is also sufficient to establish probable cause
to arrest McKinney
for public intoxication.

          Once an officer has probable cause to arrest, he may search
the accused incident to the arrest.  McGee
v. State, 105 S.W.3d 609, 614 (Tex.
Crim. App. 2003).  A search incident to a
lawful arrest requires no additional justification.  State v. West, 20 S.W.3d 867, 871
(Tex. App.—Dallas 2000, pet. ref’d) (citing
United States v. Robinson,
414 U.S.
218, 235, 94 S. Ct. 467, 477 (1973)).  As
part of a search incident to arrest, police may search a suspect’s personal
effects.  Snyder v. State, 629
S.W.2d 930, 934 (Tex. Crim. App. 1982).  McKinney was under arrest
when Kent
conducted the search.  We therefore hold
that the discovery of marijuana in McKinney’s
pocket was the result of a lawful search incident to arrest.

 

 

 

 

 

 

Conclusion

          Having
determined that reasonable suspicion existed to detain McKinney,
we conclude that the trial court did not err in
denying his motion to suppress. 
Accordingly, we affirm the judgment of the trial court.

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Jennings and Bland.

Do not publish.  See Tex. R. App. P. 47.4.

 











[1]               Texas courts also follow Terry in determining the legality of an investigative detention
under the state constitution.  See Davis
v. State, 829 S.W.2d 218, 219 (Tex. Crim. App. 1992).