Opinion issued April 7, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00975-CR

———————————

Rodolfo Gonzalez, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the County Criminal Court Number 13

Harris County, Texas



Trial Court Case No. 1594629

 



 

MEMORANDUM OPINION

          After the trial court denied a motion
to suppress evidence, appellant Rodolfo Gonzalez pleaded guilty to the offense
of possession of less than two ounces of marijuana.  See Tex. Health & Safety Code Ann. §
481.121 (West 2010).  The trial court
sentenced him to 30 days in jail, and it certified his right to appeal.  In his sole issue, Gonzalez argues that the
trial court erred by denying his motion to suppress because the police officers
lacked reasonable suspicion to detain him, resulting in an unconstitutional search
of his vehicle.  Because we conclude that
the stop and search did not violate Gonzalez’s constitutional rights, we
affirm.

I.                 
Background

Houston Police Department Officers Wagner and Stahlin were patrolling
near a residential neighborhood at approximately 9:30 p.m.  The patrol car’s windows were down, and the
officers heard loud music coming from another vehicle.  Few cars were nearby aside from a
sport-utility vehicle driven by Rodolfo Gonzalez.  The officers began to follow Gonzalez’s
vehicle, which they believed was the source of the loud music.  Initially they did not activate the patrol
car’s lights and sirens. 

As the officers drove behind the vehicle within approximately
one car length, they smelled marijuana.  After
following for up to ten more seconds, the officers activated their lights and
stopped Gonzalez.  Officer Wagner
approached the driver’s side window, and Officer Stahlin approached the
passenger side.  They smelled a strong
aroma of marijuana.  Stahlin testified
that he saw Gonzalez trying to hide a cigarette.  Wagner escorted him to the back seat of the
police car, and Stahlin searched the vehicle, where he found half of a
marijuana cigarette.

Gonzalez was charged by information with possession of
marijuana in a useable quantity less than two ounces.  He moved to suppress the marijuana found in
his vehicle.  He argued that the officers
lacked reasonable suspicion to stop him for a violation of a noise ordinance because
the municipal ordinance was preempted by the disorderly conduct provisions of
the Texas Penal Code.  See Houston,
Tex., Ordinance No. 93-77, § 2 (1993) (municipal noise ordinance); Tex. Penal Code Ann. § 42.01(a)(5) (West
Supp. 2010) (disorderly conduct).  He also
asserted that the search was illegal under both the state and federal
constitutions because, absent the traffic stop, the officer would have lacked
cause to conduct the search.

The trial court held a hearing at which Gonzalez and both
police officers testified.  Officer
Stahlin testified that he first noticed Gonzalez’s vehicle due to the loud
music.  He stated that “[i]t was like a
loud bass with the thumping and everything that we could kind of feel the
vibrations. . . .  We could feel it in
our body and it was kind of annoying.” 
He testified that as they followed Gonzalez, there was no other traffic
nearby and they smelled marijuana. 
Officer Wagner similarly testified that they heard loud music coming
from Gonzalez’s vehicle and followed it. 
He said he “realized for sure” that the marijuana smell had come from
Gonzalez’s vehicle when the odor intensified as he approached on foot.  Both officers testified that Gonzalez’s
windows were down.

Gonzalez testified that his windows were up when the police
officers stopped him and that he was not smoking marijuana at that time.  He conceded there was “half a joint” in his
car, which he had dropped when he smoked it earlier in the evening.  He also conceded that his car smelled of
marijuana.

II.              
Standard of review

In reviewing the trial court’s ruling on a motion to suppress
evidence, we apply a bifurcated standard of review.  See,
e.g., Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000). 
We give almost total deference to the trial court’s determinations of
historical facts, and we review the application of the law of search and
seizure de novo.  See id.

In a hearing on a motion to suppress, the trial court is the
sole trier of fact and judge of the credibility of the witnesses and the weight
to be given their testimony.  State v. Ross, 32 S.W.3d 853, 855 (Tex.
Crim. App. 2000).  “This is so because it
is the trial court that observes first hand the demeanor and appearance of a
witness, as opposed to an appellate court which can only read an impersonal
record.”  Id.  When, as here, the trial
court makes no explicit findings of historical fact, we review the evidence in
the light most favorable to trial court’s ruling, and we assume the trial court
made implicit findings of fact supported in the record.  Balentine
v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).  We must sustain the trial court’s ruling if
it is reasonably supported by the record evidence and is correct under any
theory of law applicable to the case.  See Ross,
32 S.W.3d at 855–56.  

III.          
Analysis

There are three distinct categories of interactions between
police officers and citizens: encounters, investigative detentions, and
arrests.  Crain v. State, 315 S.W.3d 43, 49 (Tex. Crim. App. 2010); see also Terry v. Ohio, 392 U.S. 1, 19
n.16, 88 S. Ct. 1868, 1879 n.16 (1968); State
v. Perez, 85 S.W.3d 817, 819 (Tex. Crim. App. 2002).  A consensual interaction that a citizen is
free to terminate at any time is considered to be an “encounter.”  See Crain,
315 S.W.3d at 49.  An interaction with
the police progresses beyond an encounter if the officer’s words or actions
would have communicated to a reasonable person that he is not free to leave or
refuse the officer’s requests.  See, e.g., Pennywell v. State, 127 S.W.3d 149, 152 (Tex. App.—Houston [1st
Dist.] 2003, no pet.).  “An investigative
detention occurs when a law enforcement officer confronts an individual, who
then yields to a display of authority and is temporarily detained without a
warrant.”  Id. at 153.  An investigative
detention is permissible if the police officer reasonably suspects that the
individual is involved in criminal activity. 
Balentine, 71 S.W.3d at 768 (citing
Terry, 392 U.S. at 21, 88 S. Ct. at 1881).  Reasonable suspicion exists when, under the
totality of the circumstances, the detaining officer has specific articulable
facts, which, taken together with rational inferences from those facts, lead
him to conclude that the person detained actually is, has been, or soon will be
engaged in criminal activity.  Id.  “[E]ven
if reasonable suspicion exists, the detention must be temporary and last no
longer than necessary to effectuate the purpose of the intrusion.”  Davis
v. State, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997).

“[A]n officer may conduct a warrantless search of a motor
vehicle if the officer has probable cause to believe the vehicle contains
evidence of a crime.”  Powell v. State, 898 S.W.2d 821, 827
(Tex. Crim. App. 1994); see Dickey v.
State, 96 S.W.3d 610, 614 (Tex. App.—Houston [1st Dist.] 2002, no pet.).  “Probable cause to search exists when
reasonably trustworthy facts and circumstances within the knowledge of the
officer on the scene would lead a man of reasonable prudence to believe that
the instrumentality of a crime or evidence of a crime will be found.”  Estrada
v. State, 154 S.W.3d 604, 609 (Tex. Crim. App. 2005); see also Dickey, 96
S.W.3d at 613–14.

Gonzalez argues that Officers Wagner and Stahlin did not have
reasonable suspicion to detain him for violation of a noise ordinance.  In his brief, in which Gonzalez addresses
only whether the alleged violation of a noise ordinance provided reasonable
suspicion to stop him, Gonzalez contends that the State argued the
applicability of the noise ordinance. 
However, on appeal as at trial, the State argues that the officers had
reasonable suspicion to stop Gonzalez based on the odor of marijuana as well as
the suspected noise-ordinance violation.

Both police officers testified that Gonzalez initially drew
their attention because of the loud music coming from his vehicle.  They turned their vehicle to follow him, but
this act alone did not implicate Gonzalez’s constitutional rights.  At that point, the interaction between the
police officers and Gonzalez was no more than an encounter.  See Perez,
85 S.W.3d at 819 (police officer did not need to have reasonable suspicion to
slow his car and take a closer look at the fleeing suspect); Isam v. State, 582 S.W.2d 441, 444 (Tex.
Crim. App. 1979) (officer who saw defendant smoking marijuana cigarette while
driving did not need reasonable suspicion or probable cause to follow
defendant’s vehicle).  Gonzalez argues
that at the time the patrol car turned to follow him, the officers lacked
reasonable suspicion to detain him for violation of a municipal noise
ordinance.  But because this interaction
was no more than an encounter at that stage, the officers did not need
reasonable suspicion to follow.  See Perez, 85 S.W.3d at 819; Isam, 582 S.W.2d at 444.

While the
officers drove behind Gonzalez’s vehicle, they smelled marijuana.  Although the testimony conflicted as to
whether Gonzalez was driving with his windows down, the trial court resolved
this inconsistency in rendering its decision on the motion to suppress, and we
must defer to its credibility decision, which is supported by the record.  See
Johnson v. State, 68 S.W.3d 644, 652 (Tex. Crim. App. 2002).  The smell of marijuana gave rise to
reasonable suspicion to believe that Gonzalez had been or soon would be engaged
in criminal activity, namely the use or possession of marijuana.  See Glazner
v. State, 175 S.W.3d 262, 266 (Tex. Crim. App. 2005).  The officers activated the patrol car lights
and stopped Gonzalez to investigate. 
This communicated to Gonzalez that he was not free to leave or refuse
their request for him to stop, and was, therefore, an investigative
detention.  See Pennywell, 127 S.W.3d at 152. 
Because it was based on reasonable suspicion and related to the officers
smelling marijuana coming from Gonzalez’s vehicle, the temporary detention was
permissible and did not violate Gonzalez’s constitutional rights.  See
Balentine, 71 S.W.3d at 768. 

Both officers testified that as they approached the vehicle,
the marijuana odor intensified.  Officer
Stahlin testified that he saw Gonzalez hiding what he believed, based on the
strong odor, to be a marijuana cigarette. 
Based on these observations, the officers had probable cause to believe
that marijuana would be found inside Gonzalez’s vehicle.  See
Estrada, 154 S.W.3d at 609; Moulden
v. State, 576 S.W.2d 817, 819 (Tex. Crim. App. 1978) (holding that police
officer had probable cause to search vehicle when he and partner smelled burnt
marijuana after approaching car stopped for traffic violation).  Therefore, their warrantless search of
Gonzalez’s vehicle did not violate his constitutional rights.  See
Estrada, 154 S.W.3d at 609.

Gonzalez
does not challenge the propriety of the search subsequent to the temporary
detention, only the temporary detention itself. 
Although he asserted in the trial court that there was no probable cause
to search, he has not made the same challenge on appeal.  Rather, Gonzalez argues that “everything the
officers did was based on a decision to stop [him] based on the unreasonable
assertion that he was violating a noise ordinance based on a passing encounter
of two vehicles.”  This statement is
unsupported by the record, which shows that the officers’ decision to stop
Gonzalez was also based on detecting the odor of marijuana.  No detention occurred until after then.  We conclude that the stop was supported by
reasonable suspicion, and we need not address Gonzalez’s contentions about the
noise ordinance, as it was an alternative ground for detaining the
vehicle.  See, e.g., Ross, 32
S.W.3d at 855–56 (holding that court of appeals must affirm trial court’s
ruling on motion to suppress if ruling is reasonably supported by record and
correct under any applicable legal theory). 


We hold that the trial court did not
err in denying Gonzalez’s motion to suppress evidence, and we overrule
Gonzalez’s sole issue.

CONCLUSION

          We
affirm the judgment of the trial court.

 

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel consists of Chief Justice Radack and Justices
Alcala and Massengale.

Do not publish. 
Tex. R. App. P. 47.2(b).