02-11-159&160-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

                                              NO.
02-11-00159-CR

                                              NO.
02-11-00160-CR

 

 


 
 
 Joshua L. Demalade
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          A
jury convicted Appellant Joshua L. Demalade of theft of a firearm and unlawful
possession of a firearm.  The trial court sentenced Appellant to fifteen years’
incarceration for the theft and fifty years’ incarceration for the unlawful
possession, to run concurrently.  In two points, Appellant contends that the
trial court erred by denying his motion to suppress.  We affirm.

Background Facts

          Daniel
Allison parked his truck at a sports bar on Camp Bowie Boulevard on the night
of August 27, 2010.  He went inside the bar to visit his girlfriend who worked
there as a bartender.  The couple left sometime after in a different car. 
Allison returned the next morning around 8 a.m. to find that someone had broken
into his truck, taking a GPS unit, a stereo, night-vision goggles, and a
pistol.

          Allison
filed a report with the police and notified his insurance company.  He then
recalled that the bar had surveillance cameras in the parking lot.  He and his
girlfriend returned to the bar and found the video showing a gray two-door car
pull up to Allison’s truck and a white male exiting the car, breaking the
truck’s window, and taking Allison’s property.  He and his girlfriend then
drove to different pawn shops to see if they could find the stolen items.  As
they were driving down Camp Bowie, just a few blocks from the sports bar, they
spotted the car from the video.  Allison was able to recognize it because it
“had one silver wheel and [a] big chrome exhaust muffler.”

          Allison
followed the car as it pulled into the parking lot of a pawn shop.  He saw a
white male get out of the passenger seat and carry Allison’s stereo and GPS
unit into the store.  A woman got out of the back seat and went inside the shop
with the man.  Another woman, the driver, waited in the car.  Allison called
the police and waited in his car.  When the police arrived, Allison followed
them inside and saw the man (later identified as Appellant) standing at the
counter with the woman.  The items were on the counter in front of them.

          Appellant
was arrested for possession of stolen property.  He was taken to the police
station where he made an oral and written confession.  Because neither Appellant
nor the two women provided the name of the registered owner of the vehicle, and
because the car had been used in the commission of the crime, the police
officers had the car towed pursuant to the police department’s policy.  Prior
to being towed, a police officer inventoried the car.  In the car, he found the
night-vision goggles, Allison’s pistol, and another gun wrapped in a cloth on
the floorboard of the front passenger seat.

          Appellant
was charged with theft of a firearm and unlawful possession of a firearm by a
felon.  After a jury trial, Appellant was found guilty on both counts.  He was
sentenced to concurrent fifteen-year and fifty-year terms of incarceration.  This
appeal followed.

Discussion

          In
his first point, Appellant argues that the trial court erred in finding that
Appellant had no standing to contest the search of the car.

To
assert a challenge to a search and seizure under the United
States and Texas Constitutions and article 38.23, a party must first establish standing.  See Tex. Code Crim. Proc. Ann. Art. 38.23
(West 2005); Kothe v. State, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004);
Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Martinez
v. State, 236 S.W.3d 361, 367 (Tex. App.—Fort Worth 2007, pet. dism’d).  Standing is a question of law that we review de
novo.  Kothe, 152 S.W.3d at 59.  To prove standing, the
defendant has the burden of providing facts to establish a legitimate
expectation of privacy, and to carry this burden, he must prove that (1) by his
conduct, he exhibited an actual subjective expectation of privacy and (2)
circumstances existed under which society was prepared to recognize his
subjective expectation as objectively reasonable.  Villarreal, 935
S.W.2d at 138.

A
passenger in a vehicle generally has no standing to contest the search of a
vehicle.  See Hughes v. State, 24 S.W.3d 833, 838 (Tex. Crim. App.), cert.
denied, 531 U.S. 980 (2000).  In order to demonstrate standing, the
passenger must show that he has some possessory interest in the car, “or
otherwise had a reasonable expectation of privacy in it.”  Jones v. State,
119 S.W.3d 766, 787 (Tex. Crim. App. 2003), cert. denied, 542 U.S. 905
(2004); see also Hughes, 24 S.W.3d at 838 (upholding search when
appellant claimed “no possessory interest in the vehicle itself or in those
items seized from within it”).

Appellant
has never argued that he had a possessory interest in the car.  Instead, he argues
that he has a privacy interest in the car because he was the one “who operated
the car at the time of the burglary.”  However, “the fact that appellant had
driven the car on previous occasions does not establish that he had any
continued permission to do so, had an ownership or a possessory interest in the
car, or otherwise had a reasonable expectation of privacy in it.”  Jones,
119 S.W.3d at 787.

Appellant
also argues, without authority, that “the fact that the guns recovered from the
car were wrapped in a towel or cloth implies an expectation of privacy not only
in the contraband, but also the vehicle in which the contraband was located.”  We
first note that Appellant has never claimed a possessory interest in either of
the guns found in the car.  Second, possessory interest in an item in a car
does not extend to an interest in the entire vehicle.  See Stone v. State,
147 S.W.3d 657, 659–60 (Tex. App.—Amarillo 2004, pet. ref’d) (holding that
appellant had standing to contest the search of her purse, but not the car in
which the purse was found).  And finally, a person does not have a privacy
interest in stolen goods.  See Pennywell v. State, 84 S.W.3d 841, 844
(Tex. App.—Houston [1st Dist.] 2002), remanded on other grounds, 125
S.W.3d 472 (Tex. Crim. App. 2003) (“[A] thief’s mere possession of stolen
property does not give rise to any expectation of privacy that society is
prepared to accept as reasonable.”).  Appellant bore the burden of
demonstrating standing.  See Granados v. State, 85 S.W.3d 217,
223 (Tex. Crim. App. 2002), cert. denied, 538 U.S. 927 (2003).  Because
he failed to demonstrate a possessory or privacy interest in the car, he does
not have standing to contest the search.

Appellant
alternatively claims that he has “automatic standing.”  Automatic standing is a
theory under which standing is automatically conferred when the defendant’s
possession of a seized object is itself an element of the offense with which he
is charged.  See Kleasen v. State, 560 S.W.2d 938, 941 (Tex. Crim. App.
1977).  While Appellant acknowledges that automatic standing has since been
abandoned by the United States Supreme Court, see United States v. Salvucci,
448 U.S. 83, 92, 100 S. Ct. 2547, 2553 (1980) (“We simply decline to use
possession of a seized good as a substitute for a factual finding that the
owner of the good had a legitimate expectation of privacy in the area searched.”),
he claims that it is still a viable theory under state law.  The court of
criminal appeals, however, has repeatedly agreed with and expressly adopted the
reasoning of Salvucci.  See, e.g., Meeks v. State, 692
S.W.2d 504, 510 (Tex. Crim. App. 1985) (noting that “in light of” Salvucci,
a passenger in a vehicle does not have a legitimate expectation of privacy in a
vehicle when the passenger fails to assert a possessory interest); see also
Kothe, 152 S.W.3d at 59; Chapa v. State, 729 S.W.2d 723, 730
(Tex. Crim. App. [Panel Op.] 1987); Goehring v. State, 627 S.W.2d 159,
164 (Tex. Crim. App. 1982) (noting that “[t]here is no longer an ‘automatic
standing rule’ under the Fourth Amendment in possessory offense cases”).  We
therefore overrule Appellant’s first issue.

Because
we hold that Appellant did not have standing to contest the search of the vehicle,
we do not reach Appellant’s second issue.  See Tex. R. App. P. 47.1.

Conclusion

          Having
overruled Appellant’s dispositive issue, we affirm the judgment of the trial
court.

 

 

 

LEE GABRIEL

JUSTICE

 

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

 

DO NOT PUBLISH

Tex. R. App.
P. 47.2(b)

 

DELIVERED: 
April 26, 2012









[1]See Tex. R. App. P. 47.4.