

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-11-00159-CR
## NO. 02-11-00160-CR

JOSHUA L. DEMALADE                                        APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Joshua L. Demalade of theft of a firearm and unlawful possession of a firearm. The trial court sentenced Appellant to fifteen years' incarceration for the theft and fifty years' incarceration for the unlawful possession, to run concurrently. In two points, Appellant contends that the trial court erred by denying his motion to suppress. We affirm.

---
[1]*See* Tex. R. App. P. 47.4.

## Background Facts

Daniel Allison parked his truck at a sports bar on Camp Bowie Boulevard on the night of August 27, 2010. He went inside the bar to visit his girlfriend who worked there as a bartender. The couple left sometime after in a different car. Allison returned the next morning around 8 a.m. to find that someone had broken into his truck, taking a GPS unit, a stereo, night-vision goggles, and a pistol.

Allison filed a report with the police and notified his insurance company. He then recalled that the bar had surveillance cameras in the parking lot. He and his girlfriend returned to the bar and found the video showing a gray two-door car pull up to Allison's truck and a white male exiting the car, breaking the truck's window, and taking Allison's property. He and his girlfriend then drove to different pawn shops to see if they could find the stolen items. As they were driving down Camp Bowie, just a few blocks from the sports bar, they spotted the car from the video. Allison was able to recognize it because it "had one silver wheel and [a] big chrome exhaust muffler."

Allison followed the car as it pulled into the parking lot of a pawn shop. He saw a white male get out of the passenger seat and carry Allison's stereo and GPS unit into the store. A woman got out of the back seat and went inside the shop with the man. Another woman, the driver, waited in the car. Allison called the police and waited in his car. When the police arrived, Allison followed them inside and saw the man (later identified as Appellant) standing at the counter with the woman. The items were on the counter in front of them.

2

Appellant was arrested for possession of stolen property. He was taken to the police station where he made an oral and written confession. Because neither Appellant nor the two women provided the name of the registered owner of the vehicle, and because the car had been used in the commission of the crime, the police officers had the car towed pursuant to the police department's policy. Prior to being towed, a police officer inventoried the car. In the car, he found the night-vision goggles, Allison's pistol, and another gun wrapped in a cloth on the floorboard of the front passenger seat.

Appellant was charged with theft of a firearm and unlawful possession of a firearm by a felon. After a jury trial, Appellant was found guilty on both counts. He was sentenced to concurrent fifteen-year and fifty-year terms of incarceration. This appeal followed.

## Discussion

In his first point, Appellant argues that the trial court erred in finding that Appellant had no standing to contest the search of the car.

To assert a challenge to a search and seizure under the United States and Texas Constitutions and article 38.23, a party must first establish standing. *See* Tex. Code Crim. Proc. Ann. Art. 38.23 (West 2005); *Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004); *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); *Martinez v. State*, 236 S.W.3d 361, 367 (Tex. App.—Fort Worth 2007, pet. dism'd). Standing is a question of law that we review de novo. *Kothe*, 152 S.W.3d at 59. To prove standing, the defendant has the burden of

providing facts to establish a legitimate expectation of privacy, and to carry this burden, he must prove that (1) by his conduct, he exhibited an actual subjective expectation of privacy and (2) circumstances existed under which society was prepared to recognize his subjective expectation as objectively reasonable. *Villarreal*, 935 S.W.2d at 138.

A passenger in a vehicle generally has no standing to contest the search of a vehicle. *See Hughes v. State*, 24 S.W.3d 833, 838 (Tex. Crim. App.), *cert. denied*, 531 U.S. 980 (2000). In order to demonstrate standing, the passenger must show that he has some possessory interest in the car, "or otherwise had a reasonable expectation of privacy in it." *Jones v. State*, 119 S.W.3d 766, 787 (Tex. Crim. App. 2003), *cert. denied*, 542 U.S. 905 (2004); *see also Hughes*, 24 S.W.3d at 838 (upholding search when appellant claimed "no possessory interest in the vehicle itself or in those items seized from within it").

Appellant has never argued that he had a possessory interest in the car. Instead, he argues that he has a privacy interest in the car because he was the one "who operated the car at the time of the burglary." However, "the fact that appellant had driven the car on previous occasions does not establish that he had any continued permission to do so, had an ownership or a possessory interest in the car, or otherwise had a reasonable expectation of privacy in it." *Jones*, 119 S.W.3d at 787.

Appellant also argues, without authority, that "the fact that the guns recovered from the car were wrapped in a towel or cloth implies an expectation of

4

privacy not only in the contraband, but also the vehicle in which the contraband was located." We first note that Appellant has never claimed a possessory interest in either of the guns found in the car. Second, possessory interest in an item in a car does not extend to an interest in the entire vehicle. *See Stone v. State*, 147 S.W.3d 657, 659–60 (Tex. App.—Amarillo 2004, pet. ref'd) (holding that appellant had standing to contest the search of her purse, but not the car in which the purse was found). And finally, a person does not have a privacy interest in stolen goods. *See Pennywell v. State*, 84 S.W.3d 841, 844 (Tex. App.—Houston [1st Dist.] 2002), *remanded on other grounds*, 125 S.W.3d 472 (Tex. Crim. App. 2003) ("[A] thief's mere possession of stolen property does not give rise to any expectation of privacy that society is prepared to accept as reasonable."). Appellant bore the burden of demonstrating standing. *See Granados v. State*, 85 S.W.3d 217, 223 (Tex. Crim. App. 2002), *cert. denied*, 538 U.S. 927 (2003). Because he failed to demonstrate a possessory or privacy interest in the car, he does not have standing to contest the search.

Appellant alternatively claims that he has "automatic standing." Automatic standing is a theory under which standing is automatically conferred when the defendant's possession of a seized object is itself an element of the offense with which he is charged. *See Kleasen v. State*, 560 S.W.2d 938, 941 (Tex. Crim. App. 1977). While Appellant acknowledges that automatic standing has since been abandoned by the United States Supreme Court, *see United States v. Salvucci*, 448 U.S. 83, 92, 100 S. Ct. 2547, 2553 (1980) ("We simply decline to

5

use possession of a seized good as a substitute for a factual finding that the owner of the good had a legitimate expectation of privacy in the area searched."), he claims that it is still a viable theory under state law. The court of criminal appeals, however, has repeatedly agreed with and expressly adopted the reasoning of *Salvucci*. *See, e.g.*, *Meeks v. State*, 692 S.W.2d 504, 510 (Tex. Crim. App. 1985) (noting that "in light of" *Salvucci*, a passenger in a vehicle does not have a legitimate expectation of privacy in a vehicle when the passenger fails to assert a possessory interest); *see also Kothe*, 152 S.W.3d at 59; *Chapa v. State*, 729 S.W.2d 723, 730 (Tex. Crim. App. [Panel Op.] 1987); *Goehring v. State*, 627 S.W.2d 159, 164 (Tex. Crim. App. 1982) (noting that "[t]here is no longer an 'automatic standing rule' under the Fourth Amendment in possessory offense cases"). We therefore overrule Appellant's first issue.

Because we hold that Appellant did not have standing to contest the search of the vehicle, we do not reach Appellant's second issue. *See* Tex. R. App. P. 47.1.

## Conclusion

Having overruled Appellant's dispositive issue, we affirm the judgment of the trial court.

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 26, 2012